IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Laird T. Milburn

Civil Action No.   09-cv-01026-JLK-LTM

DON C. DEBELLE,

      Plaintiff,

vs.

WESTERN SKYWAYS, INC.,

      Defendant and Third-Party Plaintiff,

vs.

TRISTAR AVIATION, LLC,

      Third-Party Defendant.

## REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

      This matter came before me on December 29, 2002 by Order of Reference from District Judge John L. Kane.

      The Defendant Tristar Aviation, LLC ("Tristar"), through counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) has moved to dismiss Defendant Western Skyways, Inc.'s ("Western") third-party complaint against Tristar.

      For the reasons set forth, I recommend that Tristar's Motion to Dismiss Western's Third-Party complaint be GRANTED.

## I.  PROCEDURAL HISTORY

On May 04, 2009 the Plaintiff Don C. Debelle ("Debelle") filed a complaint and jury demand against Western based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  The complaint (docket # 1) alleges that Western is responsible for Debelle's economic losses that arise from an airplane crash that occurred on May 02, 2007 in Tucson, Arizona (the accident).

On July 24, 2009 Western designated Tristar as a nonparty at fault (docket # 12) and filed an unopposed motion to file a third-party complaint against Tristar for contribution (docket # 13).  The Court granted Plaintiff's motion by Order dated August 19, 2009 (docket # 27).  Tristar waived service of Plaintiff's amended complaint and filed its answer thereto on October 30, 2009 (docket # 40).

Because Tristar is now a first-party Defendant in this case it has filed the instant motion to dismiss Western's third-party complaint for contribution.

## II.  STANDARD OF REVIEW UNDER
## FEDERAL RULE CIVIL PROCEDURE 12(b)(6)(f)

Under Federal Rule Civil Procedure 12(b)(6), the Court may order dismissal for failure to state a claim on which relief can be granted when the complaint contains insufficient allegations of fact to state a plausible claim for relief.  In addition, pursuant to Federal Rule Civil Procedure 12(f)(1) the Court may strike from a pleading any redundant matter.  The basis for Tristar's motion for dismissal of Western's counter-claim for contribution is two-fold.  First, it argues that the plain language of the Colorado Uniform Contribution Among Tortfeasors Act, specifically found at C.R.S. § 13-50.5-

104(4) bars a claim for contribution unless there is a judgment for the alleged injury against the tortfeasor seeking contribution or that the tortfeasor seeking contribution has discharged by payment the common liability, or agreed while the action is pending against him to discharge the common liability, neither of which has occurred in this case.  Second, and by implication, Tristar argues that Western's claim for a contribution pursuant to the Act is redundant because it has availed itself of the protection found in the Colorado pro-rata liability statute, found at 36 C.R.S. § 13-21-111.5, by naming Tristar as a non-party at fault and it thereby inducing Debelle to add Tristar as a party Defendant.  The Court, having reviewed Plaintiff's motion, Defendant's response, and the reply agrees with Plaintiff's contention for the following reasons:

    1.    In ascertaining the plain meaning of a statute, the Court must look to the particular statutory language at issue, as well as the language and design as a whole.  *Southern Ute Indian Tribe v. Amoco Production Co.*, 151 F.3d 1251 C.A.10 (Colo) 1998.  In addition, under Colorado law, a statute should be, where possible, construed in accordance with its plain meaning and construed as a while, giving meaning to all its parts, *Ward v. Allstate Insurance Co.*, 45 F.3d 353 C.A.10 (Colo.) 1994, and must be construed to give consistent, harmonious, and sensible effect to all of its provisions.  *Avicomm, Inc. V. Colo. Public Utilities Commission*, 955 P.2d 1023 (Colo. 1998).

    Western, in construing the Colorado Uniform Contribution Among Tortfeasors Act, C.R.S. § 13-50.2-102 relies only on subsection (1) which provides that where two or more persons become jointly or severally liable

       in tort for the same injury to persons or property there is a right of contribution among them even though judgment has not been recovered against all or any of them; but ignores the provision of subsection 2 stating that the right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of a common liability, and the provisions of 13-50.5-104, which bars the right of contribution by Western against Tristar unless Western has discharged by payment the common liability.

2. The case law relied upon by Western predates the enactment of the Colorado Uniform Contribution Among Tortfeasors Act, C.R.S. § 13-21-111.5, which abolished joint-and-several liability in cases like this and established a system of pro rata liability, the provisions of which Western has availed itself of by designating Tristar as a non-party Defendant, thereby causing Plaintiff to make Tristar a party Defendant.  Therefore, at trial, the liability of both Western and Tristar, if any, will be allocated on pro rata basis, thereby affording Western the relief it seeks by way of its third-party complaint.  Therefore that claim is redundant.

### III.  CONCLUSION

I respectfully RECOMMEND that Tristar's Motion to Dismiss Western's Third-Party Complaint be GRANTED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific written objections.  A party's failure to serve and file specific

written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P.72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) and also waives appellate review of both factual and legal questions. *In re Key Energy Resources, Inc.* 230 F. 3d 1197, 1199-1200 (10th Circuit 2000). A party's objection to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated this 3rd day of February, 2010.

BY THE COURT:

s/Laird T. Milburn

_____
Laird T. Milburn
U.S. Magistrate Judge