IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Gudrun J. Rice

Civil Action No. 09-cv-01026-JLK-GJR

DON C. DEBELLE,

    Plaintiff,

vs.

WESTERN SKYWAYS, INC.,

    Defendant.

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

THIS MATTER comes before the Court on a Joint Motion for Dismissal with Prejudice of Plaintiff's Claims Against Defendant Tristar Aviation, LLC (docket # 135).

By way of background, this case was initiated by Complaint filed by Plaintiff Don C. Debelle on May 04, 2009 (docket # 1) against Defendant Western Skyways, Inc., which Complaint Defendant Western Skyways, Inc. answered on May 26, 2009 (docket # 7).

On July 28, 2009 Western Skyways, Inc. filed a Third Party Complaint against Tristar Aviation, LLC (docket # 16).

On August 13, 2009 Plaintiff Don C. DeBelle filed an Unopposed Motion to Amend Complaint to join additional party, naming Tristar Aviation, LLC as a party in this matter (docket # 22).

Again on August 13, 2009 Plaintiff filed an Amended Unopposed Motion to Amend Complaint to Join Additional Party (docket # 23) seeking to join Tristar Aviation, LLC as a party.

Yet again on August 13, 2009 Plaintiff filed a Second Amended Unopposed Motion to Amend Complaint to Join Additional Party (docket # 24), wherein Plaintiff requested that the Court amend Plaintiff's Complaint to join Tristar Aviation, LLC as a party.

Attached to the Motion to Amend (docket # 22), the Amended Motion to Amend (docket # 23) and the Second Amended Motion to Amend (docket # 24) was Plaintiff's Amended Complaint and Jury Demand, captioned as follows:

> Civil Action No. 09-cv-01026-JLK-LTM
>
> DON C. DEBELLE,
>
> > Plaintiff,
>
> v.
>
> WESTERN SKYWAYS, INC.,
>
> > Defendant and Third-Party Plaintiff,
>
> v.
>
> TRISTAR AVIATION, LLC,
>
> > Third-Party Defendant.

Plaintiff's Amended Complaint and Jury Demand adds a fourth claim for relief, alleging negligence against Defendant Tristar Aviation, LLC.

Plaintiff's Amended Complaint and Jury Demand was considered filed with the Court on August 13, 2009 (docket # 29).

Plaintiff's Motion to Amend Complaint (docket # 24) was granted and ordered on August 19, 2009 (docket # 27).

On September 01, 2009 Defendant Western Skyways, Inc. answered Plaintiff's Amended Complaint (docket # 33).

On October 30, 2009 Defendant Tristar Aviation, LLC answered Plaintiff's Amended Complaint (docket # 40).

On December 29, 2009 Third Party Defendant Tristar Aviation, LLC moved to dismiss (docket # 59) the Third Party Complaint (docket # 28) filed by Defendant Western Skyways, Inc.

On February 19, 2010, by Order of Judge John L. Kane, Tristar Aviation, LLC was dismissed as Third Party Defendant (docket # 77). The Order of Dismissal was captioned as follows:

> Civil Action No. 09-cv-01026-JLK-LTM
>
> DON C. DEBELLE,
>
>     Plaintiff,
>
> v.
>
> WESTERN SKYWAYS, INC.,
>
>     Defendant.

As of the date of the Order of Judge Kane on February 19, 2010, the docket does not reflect the addition of Tristar Aviation, LLC in its capacity as party Defendant, as named in Plaintiff's Amended Complaint filed with the Court on August 13, 2009 (docket # 29).

To reflect the proper parties in this action, **IT IS RECOMMENDED:**

1.	that Tristar Aviation, LLC be named as a party Defendant in this action, and the action be so docketed, and

2.	that the joint motion for dismissal with prejudice of Plaintiff's claims against Defendant Tristar Aviation, LLC (docket # 135) filed on September 22, 2010 be **GRANTED**.

Dated this 28th day of September, 2010.

BY THE COURT:

s/ Gudrun J. Rice

_____
Gudrun J. Rice
United States Magistrate Judge

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific written objections. A party's failure to serve and file specific written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P.72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) and also waives appellate review of both factual and legal questions. *In re Key Energy Resources, Inc.* 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objection to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).